## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **KRISHNA CHHETRI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **4:19-cv-01330-RDP-JEO** |
| **DIRECTOR OF ETOWAH COUNTY** | ) | |
| **DETENTION CENTER, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### MEMORANDUM OPINION

This is an action on a Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. §

2241, and a Motion for Emergency Stay of Relief.[1] (Docs. # 1, 6). In both Motions, Petitioner

challenges the legality of his continued detention by federal immigration authorities pending his

removal from the United States under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et*

*seq.* (*See* Doc. # 6).   First, Petitioner contends the Asylum Office deprived him "of a meaningful

right to apply for asylum and other forms of relief, in violation of 8 U.S.C. § 1225(b)(1), its

implementing regulations, and the United States Convention against Torture … Pub. L. No. 105-

277, div. G, Title XXII, § 2242, 112 Stat. 261 (1998)." (Doc. # 1 at 4).  Second, Petitioner contends

the Respondents' have violated his Due Process rights and that the habeas corpus review process

provided by 8 U.S.C. § 1252(e)(2) "is limited so as effectively to suspend the Writ of Habeas

Corpus as applied to [him]." (*Id*. at 5–6). After careful consideration, the court concludes

Petitioner's Motion (Doc. #6) is due to be denied for lack of subject-matter jurisdiction.

---

[1] There are two motions currently pending before the court. First, Petitioner filed a Petition for a Writ of Habeas
Corpus With Emergency Order to Cause Within Three Days Pursuant to 28 U.S.C. § 2241, *et seq*. on August 16,
2019. (Doc. # 1). Second, Petitioner filed a Motion for Emergency Stay of Removal on August 21, 2019. (Doc. #6).
Both Motions request identical relief. (*See* Doc. # 1 at ¶9; Doc. # 6 at 2–3). The court considers both Motions in this
Memorandum Opinion.

## I. Background

Petitioner is a citizen and native of Nepal, who fled his home country on June 29, 2018. (Doc. # 10-3 at 5). On January 23, 2019, Petitioner was observed by United States Customs and Border Protection unlawfully entering the United States. (Doc. # 10-1 at ¶5). When apprehended, Petitioner admitted his entry into the United States was unlawful but requested asylum because he expressed fear of returning to Nepal. (*Id.*) Because Petitioner claimed he was fearful of returning to his native country, ICE referred Petitioner's case to an asylum officer for a "credible fear" assessment. (Doc. # 10-3 at 5).

At his credible fear assessment interview, Petitioner claimed that Maoist's[2] had threatened and beaten him in the past for his failure to comply with their demands. (*Id.*). Specifically, Petitioner claims that on April 13, 2018 he was beaten by Maoist's with wooden logs and boots.[3] (*Id.* at 5). Petitioner indicated that he did not inform the police of the attack because he was only "a little boy"[4] and the Maoist's said they would kill him and his entire family. (*Id.* at 6). Petitioner also stated that the police did not help his uncle when he reported similar threats. (*Id.*).

The asylum officer determined that Petitioner did not have a credible fear of persecution or torture pursuant to 8 C.F.R. § 208.30, because "there is no significant possibility that [Petitioner] could establish in a full hearing that the entity that harmed [him] . . . is an agent of the government or an entity the government was/is unable or unwilling to control." (Doc. # 10-2 at 2). Thus, the asylum officer issued Petitioner a Record of Negative Credible Fear Finding. (*Id.*). The asylum

---

[2] Maoist's are members of the Maoist Communist Party. (Doc. # 1 at ¶10). Petitioner claims he was targeted by the Maoist Communist Party because of his membership in the Nepali Student Union and his support of the Nepali Congress Party (*Id.*)

[3] Petitioner stated that this was a singular incident. (Doc. # 10-3 at 5). However, Petitioner left Nepal less than two months after he was attacked. (*Id.*).

[4] Petitioner was seventeen at the time of the attack. (*See Id.* at 3).

officer's decision was reviewed and approved by a senior asylum officer. (*Id.* at 9).

On February 13, 2019, Petitioner requested review of the asylum officer's decision, and the supervisor's subsequent affirmation, by an immigration judge ("IJ"). (*Id.* at 1-2). On March 11, 2019, Petitioner appeared before an IJ in Jena, Louisiana to contest the decision of the asylum officer. (*Id.*) On de novo review, the IJ affirmed the asylum officer's determination and returned Petitioner to the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") for removal. (*Id.*). However, Petitioner has continually refused to complete an application for travel, which has delayed his removal. (Doc. # 10-1 at ¶11). He is currently being held at the Etowah County Detention Center in Gadsden, Alabama. (Doc. # 10-1 at ¶11).

Petitioner contends that Respondents applied an incorrect legal standard to Petitioner's credible fear application, which caused them to reach an erroneous result.[5] Further, Petitioner argues the credible fear screening process violated 8 U.S.C. § 1225(b)(1) by "not providing him with a meaningful opportunity to establish his claims or challenge the [Respondent's] denial of his asylum claim, failing to comply with the applicable statutory and regulatory requirements, and in not providing him with a reasoned explanation for his decision." (Doc. # 6 at 5)

## II. Legal Standard

Federal courts are courts of limited jurisdiction, and it is "exclusively the power of Congress to restrict the jurisdiction of federal courts to adjudicate certain types of cases." *Garcia v. Martin*, 379 F. Supp. 3d 1301, 1304 (S.D. Fla. Nov. 14, 2018) (*citing Keene Corp. v. U.S.*, 508 U.S. 200, 207 (1993)) ("Congress has the constitutional authority to define the jurisdiction of the

---

[5] Petitioner argues the "'significant possibility' standard of proof requires a showing of 'substantial and realistic possibility of succeeding' which is a lower standard than the 'preponderance of the evidence standard.'" (Doc. # 6 at 5). Here, there is nothing in the record which shows the asylum officer, supervising officer, or Immigration Judge ("IJ") applied the incorrect standard. Rather, the documentation of the credible fear proceedings and the subsequent review process show the Respondent's followed the procedures required by 8 U.S.C. § 1225(b). Moreover, Petitioner's Motion makes it clear that he disagrees with the merits of the credible fear determination, as opposed to the procedures employed in the screening process. (*See* Doc. #6).

lower federal courts … and, once the lines are drawn 'limits upon federal jurisdiction … must be neither disregarded nor evaded").  At the heart of this case are the statutory and regulatory provisions of the expedited removal process. Therefore, the court will first provide a brief overview of the provisions which govern the framework for expedited removal ("ER"). Second, the court will discuss the Congressional restrictions on judicial review of final removal orders under ER.

### A.  Expedited Removal Procedures

According to 8 U.S.C. § 1225(b)(1), and its companion regulations, two classes of aliens are subject to expedited removal if an immigration officer determines they are inadmissible due to misrepresentation or lack of immigration papers: (1) aliens "arriving in the United States," and (2) aliens "encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border." 8 U.S.C. § 1225(b)(1)(A)(i) & (iii).  If an alien falls into one of these two classes, and indicates to the immigration officer that he fears persecution or torture if returned to his native country, the officer "shall refer the alien for an interview by an asylum officer" to determine if she "has a credible fear of persecution [or torture]." 8 U.S.C. §§ 1225(b)(1)(A)(ii), 1225(b)(1)(B)(ii); 8 C.F.R. § 208.30(d). The asylum officer will interview the alien, consider relevant facts, and determine whether the alien has a credible fear. 8 U.S.C. § 1225(b)(1)(A)–(B); see 8 C.F.R. § 208.30(d)–(e).

Credible fear is defined as "a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under section 1158 of this title." 8 U.S.C. § 1225(b)(1)(B)(v); *see also* 8 C.F.R. § 208.30(e)(3) ("An alien will be found to have a credible fear of torture if the alien shows that there is a significant possibility that he or she is

eligible for withholding of removal or deferral of removal under the Convention Against Torture.").

Upon completion of a credible fear interview, the Asylum Officer must:

[C]reate a written record of his or her determination, including a summary of the material facts as stated by the applicant, any additional facts relied on by the officer, and the officer's determination of whether, in light of such facts, the alien has established a credible fear of persecution or torture.

8 C.F.R. § 208.30. If the officer finds that the individual lacks a credible fear, the initial finding is not final until reviewed by a supervisory asylum officer. 8 C.F.R. § 208.30(e)(7). If the supervisory officer agrees the finding of no credible fear, the supervisory asylum officer "shall" provide the alien a written notice of the decision. *Id*. In the written notice of decision, the supervising asylum officer must notify the alien that he can request review of the decision by an immigration judge ("IJ"). 8 C.F.R. §§ 208.30(g)(1), 235.3(b)(4)(i)(C); *see* 8 U.S.C. § 1225(b)(1)(B).

If review by an IJ is requested, the standard of review is de novo. 8 C.F.R. §1003.42(d). If the IJ finds the alien does have a credible fear of persecution on a protected ground, the alien is referred for removal proceedings, including whether to grant withholding of removal or asylum. 8 C.F.R. § 208(e)(5). However, if the IJ (or supervising asylum official, in the event that review by an IJ is not requested) finds that the alien lacks a credible fear of persecution, the alien shall be removed without further hearing or review. 8 U.S.C. § 1225(b)(1)(B)(iii)(I)

### B. Restrictions on District Court Jurisdiction

Congress has chosen to statutorily restrict a district court's jurisdiction to review removal orders. *See Ivantchouk v. U.S. Atty. Gen.,* 417 F. App'x 918, 920–21 (11th Cir. 2011) (discussing that prior to the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231 (2005), habeas review under 28 U.S.C. § 2241 was available to aliens challenging constitutional issues and errors of law arising from their removal orders). Specifically, in section 1252, Congress sharply limited

judicial review of final orders of removal under the expedited removal ("ER") process. 8 U.S.C. § 1252.

The Eleventh Circuit has recognized that the REAL ID Act stripped the district courts of jurisdiction to review the merits of a removal order, via habeas corpus or otherwise. *See Ivantchouk*, 417 F. App'x at 921 ("[T]he REAL ID Act expanded appellate courts' jurisdiction to consider constitutional and legal questions in a petition for review of the immigration proceedings, and it rendered a petition for review the alien's exclusive means for review of the removal order … [therefore] … [h]abeas corpus relief in the district court is precluded insofar as the alien seeks review of a removal order") (*citing Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006)).

The pertinent statutory language states:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).* For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory) (emphasis added).

8 U.S.C. § 1252(a)(5) (emphasis added).

Section 1252(a)(2)(A) states in relevant part that "[n]otwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review": (1) "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an [ER] order of removal; (2) "a decision by the Attorney

General to invoke [ER]"; (3) "the application of [ER] to individual aliens, including the [credible fear] determination made under section 1225(b)(1)(B)"; or (4) "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title. 8 U.S.C. § 1252(a)(2)(A)(i)-(iv).

As set forth in section 1252(e), the exceptions to the bar on judicial review of an ER order "are "available in habeas corpus proceedings," but "shall be limited" the following three specific determinations: (1) is the individual an alien; (2) was the alien ordered removed under the ER statute; or (3) can the individual prove that he or she was previously admitted to the United States as a lawful permanent resident, refugee, or asylee, and that such status has not terminated. 8 U.S.C. § 1252(e). Importantly, the statute does not allow a district court to review whether an alien is entitled to relief from removal.[6] 8 U.S.C. § 1252(e); *see* H.R. Rep. No. 828, 104th Cong., 2d Sess. 220 (1996) ("[R]eview does not extend to determinations of credible fear and removability in the case of individual aliens.").

III. **Legal Analysis**

Petitioner advances two arguments in support of his Motion. The court addresses each, in turn.

**A. Credible Fear Determination**

Petitioner contends the Asylum Office deprived him "of a meaningful right to apply for asylum and other forms of relief, in violation of 8 U.S.C. § 1225(b)(1), its implementing regulations, and the United States Convention against Torture . . . ." (Doc. # 1 at 4). However, Petitioner was afforded all of the applicable protection available to a person who enters the United States illegally and expresses a fear of returning to his native country. Plaintiff was interviewed by

---

[6] Nor does the statute permit a district court to review a finding of inadmissibility. 8 U.S.C. § 1252(e). Of course, here, petitioner does not dispute that he is an alien who entered the United States unlawfully.

an asylum officer and given the opportunity to offer evidence as part of the credible fear determination process. After the interview, the asylum officer determined that Petitioner lacked a credible fear, and subsequently a supervising officer reviewed the application and signed off on it. Additionally, Petitioner requested, and received, the opportunity to appear before an IJ. The IJ interviewed the Petitioner, listened to his testimony, and asked him questions. Ultimately, the IJ found, on de novo review, that Petitioner lack a credible fear of persecution on a protected ground, or of torture.

To be clear, Petitioner has benefited from three levels of review and he has been afforded the maximum amount of protection available under the statute and regulations. Petitioner does not dispute that he was provided the procedural steps in the screening process described above. Rather, he disagrees with the IJ's decision on the merits, and contends he should have passed the credible fear screening. However, Congress expressly foreclosed this court's review of those assertions.

Consequently, "the unambiguous language of § 1252(a)(5) expressly precludes Petitioner from using habeas as a vehicle to challenge his removal" and his sole and exclusive remedy for judicial review of a removal order is via a petition for review to the appropriate court of appeals. *Garcia*, 379 F. Supp. 3d at 1305. This court lacks jurisdiction to issue a stay of the petitioner's removal order, and he must pursue his remedy in the court of appeals.

### B. Suspension Clause

Petitioner also contends the Respondents' have violated his Due Process rights and that the habeas corpus review process provided by 8 U.S.C. § 1252(e)(2) "is limited so as effectively to suspend the Writ of Habeas Corpus as applied to [him]." (*Id*. at 5–6). But Petitioner's reliance on the Suspension Clause of United States Constitution is unavailing. Art. I, § 9, cl. 2.

"[A]t its core, the Suspension Clause prevents Congress from suspending the Writ of

Habeas Corpus, except in cases of rebellion or invasion, where public safety requires it … [but] it does not grant due process rights to aliens who are ordered removed , but who fail to appeal the removal order to the United State Court of Appeals, as provided for by Congress in the Immigration and Nationality Act – Congress's comprehensive regulatory scheme governing removal of aliens." *Garcia*, 379 F. Supp. 3d at 1307; *see also Alexandre*, 452 F.3d at 1206 ("Section 106 of the REAL ID Act does not violate the Suspension Clause of the Constitution because it provides, through review by a federal court of appeals, an adequate and effective remedy to test the legality of an alien's detention"). Accordingly, "[s]ince the substitute remedy of a petition for review offers the same scope of review as a habeas remedy, it is adequate and effective." *Alexandre,* 452 F.3d at 1206 (*citing Swain v. Pressley*, 430 U.S. 372, 379 (1977)). Petitioner's right to have his removal reviewed rests in an appeal to the Circuit Court, not an impermissible use of habeas corpus here.

## IV.    Conclusion

For the foregoing reasons, the petitioner's motion for stay of removal (Doc. # 6) is **DENIED** for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** this October 7, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE